No. 389A15                                                    TWENTY-B DISTRICT

## SUPREME COURT OF NORTH CAROLINA

* * * * * * * * * * * * * * * *

STATE OF NORTH CAROLINA    )
                                      )
v.                                 )          Union County
                                      )
TAE KWON HAMMONDS     )

* * * * * * * * * * * * * * * *

### ORDER

On 11 December 2012, defendant was placed on watch at Carolinas Medical Center Union Hospital (a 24-hour facility) after being involuntarily committed upon a finding by a Union County Magistrate that he was "mentally ill and dangerous to self or others." On 12 December 2012, while defendant was still under the involuntary commitment order, two detectives from the City of Monroe Police Department questioned him about his involvement in a recent armed robbery. Defendant made incriminating statements and was subsequently indicted for robbery with a dangerous weapon on 4 February 2013. On 30 June 2014, defendant moved to suppress the statements he made while in the hospital, arguing that he was subjected to a custodial interview without having been read his *Miranda* rights and that his confession was involuntary. *See Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

After a hearing on the matter, the trial court denied defendant's motion to suppress and made the following pertinent findings of fact, among others:

> 11. . . . Nurse Kansella had been on duty approximately two hours when two detectives arrived from the Monroe Police Department. They checked with her before they went to the defendant's room, and she told them that he was alert, oriented, and they were welcome to talk with him. She did not ask the defendant if he wished to speak with them, and did not tell the officers why the defendant was there, although it is clear from the conversation that they were aware that he was actually involuntarily committed at that time.
>
> . . . .
>
> 13. The defendant was interviewed by Detective Williams of the Monroe Police Department and Detective T.J. Goforth at approximately five p.m. on December the 12th. They spoke with the defendant for approximately one and half hours [sic]. No Miranda Rights were given to the defendant. On at least three occasions, however, the defendant was told that, "there were no arrest warrants with the officers," and that they were not here to "lock you up." . . . . Throughout the conversation the defendant never asked the officers to leave or to stop talking. . . . The defendant was unable to leave the hospital. He was not actually at a police station and was not told that he could not stop the conversation or request that the officers leave. He was never threatened, voices were never raised. The only promises made were such that the officers would tell the D.A. about his cooperation, and that he would be in a superior position to others if he told, before others did, as to the facts of the circumstances of the incident at Wal-Mart.

Therefore, the trial court concluded:

> 2. Based on the totality of the circumstances, the Court finds the defendant was not in custody at the time he was

> interviewed. Based on the totality of the circumstances,
> the Court finds the defendant made a knowing,
> voluntary, and understanding statement to the officers
> on December the 11th [sic] of 2012.

Defendant appealed. The majority of the Court of Appeals affirmed the trial court, concluding that, given the totality of the circumstances, "defendant was not 'in custody' for purposes of *Miranda.*" *State v. Hammonds*, ___ N.C. App. ___, ___, 777 S.E.2d 359, 368 (2015). Judge Inman dissented, and defendant filed an appeal of right pursuant to N.C.G.S. § 7A-30, along with a petition for discretionary review as to additional issues, which we allowed. The case was heard by this Court on 18 May 2016, in session in the Old Burke County Courthouse in the City Morganton, pursuant to N.C.G.S § 7A-10(a).

On our own motion, this Court hereby VACATES the opinion of the Court of Appeals filed in this case 20 October 2015 and the trial court's orders denying the motion to suppress (a one-page form order signed on 1 July 2014, and a nine-page order with findings and conclusions signed on 22 July and entered on 24 July 2014). This Court further ORDERS this case certified to the trial court for a new hearing on defendant's motion to suppress, during which the trial court shall apply a totality of the circumstances test, as set out in *Howes v. Fields,* ___ U.S. ___, ___, 132 S. Ct. 1181, 1194 (2012) (holding that an imprisoned suspect was not in custody for *Miranda* purposes after "[t]aking into account all of the circumstances of the questioning—including *especially* the undisputed fact that [the inmate] was told

that he was free to end the questioning and to return to his cell" (emphasis added)). The trial court shall consider all factors, including the important factor of whether the involuntarily committed defendant "was told that he was free to end the questioning." *Id.* at ___, 132 S. Ct. at 1194.

Upon the conclusion of the new suppression hearing, the trial court shall make new findings of fact and conclusions of law regarding whether defendant was in custody at the time of the interview, and whether the motion to suppress should be allowed or denied. The trial court is directed to hold the necessary hearing and certify its order to this Court within 120 days of the filing date of this order.

Once the trial court's order is certified back to this Court, this Court ORDERS that the parties submit supplement briefs addressing the new order. Defendant's supplemental brief shall be filed no later than thirty days after the certification, and the State's supplemental brief shall be filed no later than thirty days after defendant's filing.

By order of the Court in Conference, this the 9th day of June, 2016.

<u>s/Ervin, J.</u>
For the Court

WITNESS my hand and the seal of the Supreme Court of North Carolina, this the 10th day of June, 2016.

-4-

*Order of the Court*

J. BRYAN BOYD
Clerk of the Supreme Court

<u>s/M.C. Hackney</u>
Assistant Clerk

*Order of the Court*